CLD-213                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1483
_____

FRANKLIN D. FENNELL,

Appellant

v.

CARL DANBERG; THOMAS CARROLL; DALE RODGERS;
IHOMA CHUCKS; ADMINISTRATIVE ASSISTANT TO THE COMMISSIONER;
MAJOR JAMES SCARBOROUGH; NURSE PRACTITIONER;
NURSE ASSISTANT QUANNI; CORRECTIONAL MEDICAL SERVICES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-09-cv-00163)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2011
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : July 7, 2011)
_____

OPINION
_____

PER CURIAM

In March 2009, Franklin D. Fennell, an inmate at the James T. Vaughn

Correctional Center ("VCC") in Smyrna, Delaware sued a defendant not named above for

injuries he purportedly incurred in prison in 2005 because of lack of adequate medical care. The District Court dismissed the complaint on screening as time-barred, but, noting that Fennell suggested that another party delayed or denied him medical treatment at another time, allowed amendment.

Fennell submitted an amendment in which he added four of the defendants listed above for related claims that accrued either in 2005 or at unspecified times. The District Court stated that it appeared that some of the claims were barred by the statute of limitations and again dismissed the complaint. The District Court again granted Fennell leave to amend; the District Court directed Fennell to include the date or dates of alleged constitutional violations in his amendment.

Fennell filed a second amended complaint, naming all of the listed defendants.[1] His general claim was that these defendants were deliberately indifferent to his serious medical needs because they did not provide adequate care and treatment after he became infected with Methicillin-resistant Staphylococcus aureus ("MRSA") and contracted type-2 diabetes. He specifically registered complaints about his treatment, or lack thereof, relating to the alleged MRSA infection in 2005 and 2006, but, as to some defendants, he complained that issues with his medical care continued into 2007.

As to defendant Danberg, Fennell claimed that Danberg did not implement procedures to monitor inmates' care, and that "numerous correspondences" alerted Danberg to problems with care Fennell was receiving. Similarly, Fennell alleged that the

---

[1]As the District Court noted, although "nurse practitioner" is listed separately in the caption, the title actually modifies the name of one of the defendants.

former warden, Carroll, did not put in place procedures to monitor contractual medical services providers (despite Fennell making him aware of the providers' insensitivity to the MRSA problem) and failed to adequately supervise staff.

Fennell alleged that Scarborough failed to implement procedures to stop staff from interfering with his medical treatment. He claimed that he wrote Scarborough many times about staff's interference, but Scarborough returned grievances as "non-grievable." Fennell also contended that his medical treatment was inadequate because correctional staff informed medical staff about what he could not have in his housing unit (including physical therapy and "constant showers or exercise").

Fennell claimed that Rodgers "failed to adequately supervise and train staff and put in place procedures so that [Fennell] would receive medically appropriate care." He also alleged that Rodgers placed him in a housing unit with the knowledge that the environment would not be appropriate in light of his medical issues. He claimed that Rodgers abruptly cancelled his pain medication on June 8, 2007. She allegedly also denied him the opportunity to bathe more frequently after an operation and prevented him from having follow-up care with an outside specialist.

Fennell sued Chuck, a nurse practitioner at VCC, for failing to adequately treat his conditions, preventing him from seeing a physician, failing to order or take appropriate tests when Fennell presented with MRSA symptoms, and cancelling medications ordered by a specialist. Fennell also brought claims against Quanni, a nurse assistant at VCC, who purportedly was late with medication and formed a personal dislike of Fennell. Fennell alleged that Quanni ordered correctional officers to take Fennell's wheelchair

3

from him in the exercise yard when he was pushing it in front of him. Fennell also named two other defendants without making factual allegations against them.

On screening pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2), the District Court dismissed the claims against all the defendants but Rodgers and Scarborough. The District Court dismissed two defendants because Fennell named them without bringing claims against them. The District Court also dismissed the claims against Danberg, Carroll, Chuck, and Quanni because Fennell did not include dates related to allegations against them. Additionally, the District Court ruled that Fennell's claims against Danberg and Carroll were inappropriately based on a theory of respondeat superior.

The District Court subsequently denied Fennell's motion for appointment of counsel. Ultimately, Rodgers and Scarborough each moved for summary judgment. The District Court granted their motions and entered judgment in their favor. Fennell appeals and asks us to appoint counsel for him. Rodgers and Scarborough have each filed a motion to request that we summarily affirm the District Court's judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The review of the District Court's sua sponte dismissal of some of the claims is plenary, as is our review of the rulings on the defendants' motions for summary judgment.[2] See Allah v. Seiverling, 229

---

[2]Although Fennell only designated the order granting judgment in favor of Rodgers and Scarborough in his notice of appeal, his appeal from the final judgment in this case brings into question the earlier orders dismissing the claims against the other defendants and denying appointment of counsel. Cf. Pacitti by Pacitti v. Macy's, 193 F.3d 766, 776-77 (3d Cir. 1999). At this pre-briefing stage, we have only the notice of appeal from which to interpret Fennell's intent. However, the earlier orders are related to the order granting judgment in favor of the remaining defendants and could not be appealed earlier because the final judgment rule barred review. See Pacitti by Pacitti, 193 F.3d at 777. Furthermore, we review the earlier orders after concluding that the defendants are not prejudiced. See id.

4

F.3d 220, 223 (3d Cir. 2000); Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001). We review for abuse of discretion an order denying the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See Local Appellate Rule 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly granted judgment in favor of Rodgers. In support of her summary judgment motion, Rodgers presented Fennell's medical records, which showed that Fennell never had the MRSA infection on which so many of his claims were based. The records belie any claim that Rodgers personally, or by policy, procedure, or failure to train, interfered with Fennell's medical care. Instead, they detail the history of appropriate and aggressive care that Fennell received for his other medical conditions. Also, one entry showed that Rodgers was not the doctor who stopped Fennell's pain medication (and that stopping the pain medication was medically appropriate, partly in light of a statement by Fennell at the time). Although Fennell complained about his housing placement (or Rodgers's role in his housing placement), the records support Rodgers's claim that Fennell was housed in the infirmary when medically necessary and released into the regular population (with its schedule of baths and exercise) when medically indicated (and recommended by the specialists who were caring for him). In addition, the medical records support the proposition that at no time did Rodgers prevent Fennell from seeing a specialist when a specialist's visit was warranted. In addition, Fennell presented nothing to controvert the evidence that Rodgers submitted (Fennell did not respond at all to the motion for summary judgment).

5

The District Court also properly granted judgment in favor of Scarborough. First, to the extent that Fennell sought damages from Scarborough in his official capacity, Scarborough was immune to suit. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Second, in support of his motion for summary judgment, Scarborough submitted a sworn statement in which he averred that, at all relevant times, (1) he did not know Fennell; (2) his duties did not include implementing procedures relating to requests for medical treatments; (3) he was not personally involved in the grievance process or any of Fennell's grievances; and (4) he was not personally involved in the matter described in the complaint. In response, Fennell merely argued that Scarborough "blatantly lied in reference [to] not being in charge of area." His claim was not evidence to controvert Scarborough's statements. (Furthermore, Scarborough stated that he was "in charge of the area" in that he noted that he was responsible for daily security operations and that his duties included "directing and controlling the correctional staff in the maintenance of security, order, and discipline of the facility.") As the District Court concluded, a reasonable jury could not find that Scarborough was personally involved in Fennell's claims.

The District Court also did not err in dismissing Fennell's other claims. Fennell listed two defendants (and asserted two statutory causes of action) without making any related allegations. At least some of the claims against Danberg and Carroll were brought on an improper respondeat superior theory. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Also, some claims against all of the named defendants were obviously time-

barred. When the affirmative defense of statute of limitations, see Fed. R. Civ. P. 8(c), is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). Fennell's claims pursuant to 42 U.S.C. § 1983 were subject to Delaware's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); see also 10 Del. C. § 8119. Those claims based on injuries that purportedly occurred in 2005 and 2006 are clearly time-barred.

Furthermore, in light of the undisputed evidence in the record, we can affirm the judgment because all of Fennell's remaining Eighth Amendment claims were without merit. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record). "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners [is] sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Violations include the intentional infliction of pain on a prisoner; the denial of reasonable requests for medical treatment where the denial exposes the prisoner to undue suffering or the threat of tangible residual injury; and the intentional refusal to provide care in cases where the need for medical care is known. Id. The medical condition must be serious; and the prison officials must be deliberately indifferent to it. Id. at 235-36. However, neither claims of medical

7

malpractice nor a disagreement about a course of treatment establishes a constitutional violation. Id. at 235.

As noted above, there is no evidence in the record that Fennell ever had a MRSA infection. There is, however, evidence that Fennell's other medical conditions were carefully and consistently treated (ultimately, the last specialist's report from the relevant time frame included the notation that Fennell's wound had almost completely healed and that there was no evidence of recurrence of the problem). At most, Fennell presented a disagreement with the course of treatment for his other medical ailments. For example, he complained about not being able to use his wheelchair as an assist when he was exercising, but there are notes from a discussion between Fennell and Rodgers (after Fennell again consulted with a specialist) about discontinuing the use of his wheelchair. Similarly, in the record, there is Fennell's June 2009 letter to his surgeon in which he asks for an additional course of care so that he can compel the prison to provide more treatment, and the response from the specialist that no additional surgical care is indicated.

In addition, we conclude that the District Court did not abuse its discretion when it denied Fennell's counsel motion. The District Court considered the appropriate factors, see Tabron, 6 F.3d at 155-56, and concluded that Fennell demonstrated an ability to present his claims and requests for relief without the assistance of counsel.

For these reasons, we grant the motions for summary affirmance filed by Rodgers and Scarborough, and we will affirm the District Court's judgment. Fennell's motion for appointment of counsel is denied.